# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JANE UTAUS-VA DOE** § | | |
|     **Plaintiff** § | | |
| § | | |
| vs. § | | |
| § | **C.A. No. _____** | |
| **THE UNIVERSITY OF TEXAS** § | | |
| **AT AUSTIN** § | | |
|     **Defendant** § | | |
| § | | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff "**JANE UTAUS-VA DOE**" to file her "Plaintiff's Original Complaint" as follows:

### A. NATURE OF THE SUIT

1.  Plaintiff Jane (defined hereafter) is a female. Jane has certain Disabilities (defined hereafter) which have been registered with Defendant UTAustin and Accommodations (defined hereafter) were agreed to by Defendant UTAustin. Unfortunately, Defendant continues to ignore Janes' Accommodations and is discriminating against Jane as a result of Jane's Disabilities. Jane has attempted to resolve informally the issues set forth herein, but has been unsuccessful. Jane has been left with no choice to file this Complaint for damages and equitable relief.

2. Plaintiff Jane now files this original action for damages and equitable relief pursuant to:

    (a) Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794;

    (b) Title II of the Americans with Disabilities Act, 42 U.S.C.A. §§ 12131–50 (2011); and

    (c) 42 U.S.C. § 1983 with regards to:

        (i) Defendant's violations of the laws of the United States; and

        (ii) Defendant's denial (under the color of law) of Plaintiff Jane's equal protection, procedural due process violations, and substantive due process rights granted by the Fourteenth Amendment to the U.S. Constitution;

        (iii) Defendant's denial (under the color of law) of Plaintiff Jane's freedom of expression and assembly rights granted by the First Amendment to the U.S. Constitution;

    (d) Defendant's actions in violations of provisions of the Texas Constitution; and

    (e) Defendant UTAustin's breach of the Educational Contract (defined hereafter).

## B. PARTIES

3. Plaintiff "**JANE UTAUS-VA DOE**" ("Jane") is an individual residing in the State of Texas. Because of the privacy issues involved in this matter and the real and eminent threat of further retaliation by Defendant, Jane is hereby exercising her rights to proceed with this matter anonymously.

4. The need to protect the identity of Plaintiff Jane does not hinder the defense of this matter by Defendant, for the facts are well known to the Defendant. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to the Defendant, the protection of Jane's privacy prevails.

5. At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff Jane, and (b) to protect Plaintiff Jane from further retaliation, Jane's identity shall be disclosed.

6. Defendant **THE UNIVERSITY OF TEXAS AT AUSTIN** ("UTAustin") is a public university operating in the State of Texas and may be served with citation by serving Defendant's President as follows:

> **The University of Texas at Austin**
> **Attn: Gregory L. Fenves**
> **110 Inner Campus Drive**
> **Stop G3400**
> **Austin, Texas 78712**

## C. JURISDICTION and VENUE

7. The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under:

(a) Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794 ("Section 504");

(b) Title II of the Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12131–50 (2011) ("ADA");

(c) 20 U.S.C. § 1681 et. seq. (Title IX of the Education Amendments of 1972) ("Title IX"); and

(d) Section 1983 of Title 42 of U.S.C. ("Section 1983").

8. Venue is proper in the Western District of Texas (Austin Division) because Defendant UTAustin operates its schools in, and from, Austin and Travis County, Texas, which is within the Western District of Texas.

## C. FACTUAL ALLEGATIONS

### *Who is Plaintiff Jane?*

9. Plaintiff Jane is a student working on a Master's Degree from Defendant UTAustin.

10. Upon enrollment in Defendant UTAustin, Plaintiff Jane took the necessary steps to register for accommodations due to Jane's federally recognized

4

**PLAINTIFF'S ORIGINAL COMPLAINT**
tpg 2019.04.26

disabilities ("Jane's Disabilities") as allowed by Jane's Section 504 rights. As a result, Jane was granted certain "Accommodations."

11. Most regrettably, Defendant UTAustin continues (a) to not provide the Accommodations that Plaintiff Jane is legally entitled to, and (b) to take actions against Jane because of Jane's Disabilities (hereafter, the foregoing shall be collectively referred to as the "Denials.")

12. As a result of the Denials, Plaintiff Jane was forced to seek assistance from the health care providers at Defendant UTAustin, who misdiagnosed Jane and prescribed the incorrect medication, which has severely physically harmed Jane.

13. Upon Plaintiff Jane's enrollment with Defendant UTAustin, various agreements were entered into and policies in place which formed the contractual basis for Jane's studies at Defendant UTAustin (hereafter, collectively referred to as the "Educational Contract").

14. The foregoing actions by Defendant UTAustin constitute a breach of the Educational Contract between Plaintiff Jane and Defendant UTAustin.

### *Harm to Jane.*

15. With Defendant UTAustin's Denials, Plaintiff Jane's graduation with Jane's Master's Degree is continually at risk.

16. For the purposes of this matter, Defendant UTAustin's Denials; other discrimination by Defendant UTAustin of Plaintiff Jane because of Jane's Disabilities; Defendant UTAustin's failure to provide Plaintiff Jane's Accommodations, and UTAustin's breach of the Educational Contract shall be collectively referred to hereafter as the "Civil Rights Violations."

17. Plaintiff Jane has suffered severe physical, emotional, and economic harm as a result of the Civil Rights Violations committed by Defendant UTAustin and shall suffer future physical, emotional, and economic harm.

18. The Civil Rights Violations committed by Defendant as to Plaintiff Jane were intentional and in bad faith, made with full knowledge that the damage to Plaintiff Jane would follow Jane for the rest of her life, constituting conscious indifference by Defendant UTAustin.

### *Defendant's Action Under the Color of State Law.*

19. The administrators, participating in Defendant UTAustin's Civil Rights Violations as to Plaintiff Jane, are the applicable persons delegated with implementing and were implementing the policies and customs of Defendant UTAustin when committing the Civil Rights Violations of Plaintiff Jane.

20. Further, if such policies are not, in fact written, each of the administrators participating in Defendant UTAustin's Civil Rights Violations as to Plaintiff Jane were implementing the policies and customs of Defendant UTAustin in accord with the customs and practices of Defendant UTAustin.

### *Administrative Remedies.*

21. There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Jane. Even if such Preconditions did exist, the actions of Defendant have shown that such efforts would be futile or are otherwise moot.

22. As a result of Defendant's Civil Rights Violations targeted at Plaintiff Jane, Plaintiff Jane was forced to engage an attorney and pursue this action to redress such wrongs.

23. All conditions precedent to Plaintiff Jane bringing these claims have been met.

### E. PLAINTIFF'S CAUSES OF ACTION

24. Plaintiff Jane incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

## COUNT ONE: SECTION 504 VIOLATIONS

25. As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UTAustin falls under the jurisdiction and requirements of Section 504.

26. As mandated by Section 504, Defendant UTAustin is prohibited from discriminating against students having been diagnosed with various disabilities.

27. Plaintiff Jane's Disabilities qualify as disabilities covered by Section 504, and Defendant UTAustin's Civil Rights Violations against Jane are direct violations of Section 504,

28. Defendant UTAustin's Civil Rights Violations against Plaintiff Jane in violation of Section 504 have caused Plaintiff Jane to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 504.

29. Defendant UTAustin's Civil Rights Violations against Plaintiff Jane in violation of Section 504 have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 504.

## COUNT TWO: ADA VIOLATIONS

30.  As a university owned and operated by the State of Texas that receives grants and other funding from the United States, Defendant UTAustin falls under the jurisdiction and requirements of the ADA.

31.  As mandated by the ADA, Defendant UTAustin is prohibited from discriminating against students having been diagnosed with various disabilities.

32.  Plaintiff Jane's Disabilities qualify as disabilities covered by the ADA, and Defendant UTAustin's Civil Rights Violations against Jane are direct violations of Section 504.

33.  Defendant UTAustin's Civil Rights Violations against Plaintiff Jane in violation of the ADA have caused Plaintiff Jane to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with the ADA.

34.  Defendant UTAustin's Civil Rights Violations against Plaintiff Jane in violation of the ADA have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with the ADA.

# COUNT THREE: SECTION 1983 VIOLATIONS

35. Section 1983 of Title 42 of the United States Code provides, in part,:

> "Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, and citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the part injured in an action at law, suit in equity, or other proper proceeding for redress…"

36. Defendant UTAustin's Civil Rights Violations were committed against Plaintiff Jane under the color of law and resulted in the violation of Plaintiff Jane's rights under the United States Constitution and other federal laws.

37. Specifically, Defendant UTAustin's Civil Rights Violations were committed under the color of law and resulted in the violation of Plaintiff Jane's rights under:

    (a)    Section 504;

    (b)    the ADA;

    (c)    the procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of Jane's Property Rights;

    (d)    the substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jane's Property Rights; and

  (e)  the equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of Jane's Property Rights.

38. Defendant UTAustin's Civil Rights Violations of Plaintiff Jane, in violation of Section 1983 has caused Plaintiff Jane to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 1983.

39. Defendant UTAustin's Civil Rights Violations against Plaintiff Jane in violation of Section 1983 have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 1983.

40. Plaintiff Jane also seeks equitable relief to which Plaintiff Jane is entitled by Section 1983, including but not being limited to:

  (a)  the implementation of Jane's Accommodations at all levels of Jane's Education; and

  (b)  requiring Defendant UTAustin to cease and desist from any further Civil Rights Violations against Plaintiff Jane.

## **COUNT FOUR: VIOLATIONS OF THE TEXAS CONSTITUTION**

41. As a university owned and operated by the State of Texas, Defendant UTAustin's action are also subject to scrutiny of protections created by the Texas Constitution.

42. Defendant UTAustin's Civil Rights Violations against Plaintiff Jane were committed under the color of law and resulted in the violation of Plaintiff Jane's' rights under the Constitution of the State of Texas.

43. Specifically, Defendant UTAustin's Civil Rights Violations committed towards Jane were committed under the color of law and resulted in the violation of Plaintiff Jane's rights under:

   (a) the procedural due process requirements of the Texas Constitution found in Article 1, Section 19;

   (b) the substantive due process requirements of the Texas Constitution found in Article 1, Section 19; and

   (c) the equal protection requirements of the Texas Constitution found in Article I, Section 3.

Hereafter, the foregoing shall be collectively referred to as "Violations of the Texas Constitution."

44. Defendant UTAustin's Violations of the Texas Constitution as to Plaintiff Jane have caused Plaintiff Jane to suffer a loss of benefits and created economic losses.

45. Defendant UTAustin's Violations of the Texas Constitution as to Plaintiff Jane have caused Plaintiff Jane to suffer mental and emotional distress and damages.

46. Although Plaintiff Jane, as a private party living in the State of Texas, has no standing to seek monetary damages for the Defendant UTAustin's Violations of the Texas Constitution as to Plaintiff Jane, Plaintiff Jane does seek the equitable relief to which Plaintiff Jane is entitled by Texas jurisprudence, including but not being limited to:

   (a) the implementation of Jane's Accommodations at all levels of Jane's Education; and

   (b) requiring Defendant UTAustin to cease and desist from any further Civil Rights Violations against Plaintiff Jane.

## COUNT FIVE: BREACH OF CONTRACT

47. Defendants' Civil Rights Violations committed against Plaintiff Jane included a breach of the Educational Contract.

48. Plaintiff Jane has suffered economic damage as a direct and proximate result of Defendant UTAustin's breach of the Educational Contract.

49. As a result of the foregoing, Plaintiff Jane hereby seeks recovery all actual and consequential damages available to Jane arising from such breach.

## **COUNT FIVE: PUNITIVE DAMAGES**

50. Defendant UTAustin's Civil Rights Violations against Plaintiff Jane in violation of Section 504 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages pursuant to Section 504, for which Plaintiff Jane now seeks in an amount of $ 1,000,000.00.

51. Defendant UTAustin's Civil Rights Violations against Plaintiff Jane in violation of the ADA were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages pursuant to the ADA, for which Plaintiff Jane now seeks in an amount of $ 1,000,000.00.

52. Defendant UTAustin's Civil Rights Violations against Plaintiff Jane in violation of Section 1983 were intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane's federally protected rights, thereby entitling Plaintiff Jane to punitive damages

pursuant to Section 1983, for which Plaintiff Jane now seeks in an amount of $ 1,000,000.00.

## COUNT SIX: POST JUDGMENT INTEREST

53. Plaintiff Jane also requests post judgment interest as may be allowed by applicable law.

## COUNT SEVEN: ATTORNEYS' FEES

54. Plaintiff Jane should be awarded Jane's reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## F. REQUEST FOR JURY

55. Plaintiff Jane hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane prays that: summons be issued upon Defendant; upon final trial hereof, that judgment be entered in favor of Plaintiff Jane for the actual, consequential, and exemplary damages set forth herein including post judgment interest; that Plaintiff Jane be granted the equitable relief be granted; that Plaintiff Jane be reimbursed her reasonable and necessary attorneys' fees required to bring this matter; all costs of Court be taxed against Defendant; and that Plaintiff Jane

have such further and other relief, general and special, both at law or in equity, to which he may show herself to be justly entitled.

Respectfully submitted,

                Gorman Law Firm, pllc

By: *[signature: Terry P. Gorman]*

                Terry P Gorman, Esq.
                Texas Bar No. 08218200
                tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 320-9177
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF**
**JANE UTAUS-VA DOE**